UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON, | No. 2:23-cv-0017 AC P |
| Plaintiff, | |
| v. | ORDER |
| DEBBIE MASSETTI, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, has filed numerous motions seeking various forms of relief. ECF Nos. 39-42, 46-48.

Plaintiff requests an extension of time to respond to defendants' motion to dismiss until he receives copies of his complaint, the screening order, and the docket and that the court clarify when his response to the motion to dismiss is due. ECF Nos. 39, 46. In light of plaintiff's representation that he no longer has copies of his complaint and the screening order because he has been arrested and is back in custody (ECF No. 36 at 2), the court will provide one-time courtesy copies of these documents and extend plaintiff's deadline to respond to the motion to dismiss. However, plaintiff is advised that it is not the practice of this court to provide copies without payment of the appropriate fees, regardless of whether a party is proceeding in forma pauperis, and no further copies of these documents will be provided unless plaintiff pays the applicable fees. Furthermore, the file reflects that plaintiff was recently provided a one-time

1

courtesy copy of the docket (see docket entry for ECF No. 32). As such, no additional copies of the docket will be provided unless plaintiff pays the applicable fee.[1]

Plaintiff has also filed requests that he be permitted to serve defendants with his filings by ECF notification and that defendants be required to provide him with copies of any documents they reference on the docket. ECF Nos. 46, 47. The request that defendants be required to serve plaintiff with copies of any documents referred to in their pleadings as available on the docket will be denied. Any documents on the docket were either filed by plaintiff or were served on plaintiff when they were initially filed and he should therefore be in possession of copies. It is not defendants' responsibility to supply plaintiff with new copies in the event he no longer has his copies. However, the request to serve defendants by ECF notice will be granted subject to the following conditions. When a defendant is represented by counsel,[2] plaintiff is not required to serve that defendant's attorney with paper copies of documents filed with the court and service will be accomplished by ECF notification.[3] For documents that are not filed with the court (e.g., discovery requests) or for defendants who are not represented by counsel, plaintiff must still serve paper copies.

Plaintiff has filed a motion for reconsideration of the order denying his request for default judgment. ECF No. 41. He states that the court misunderstood his previous request and that he was seeking an entry of default only, not default judgment. Id. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist

---

[1] The court notes that plaintiff has also requested a copy of the Local Rules (ECF No. 44), even though one was already provided to him (ECF No. 23). The file reflects that the Clerk of the Court has sent plaintiff another courtesy copy of the Local Rules. See docket entry for ECF No. 44. Plaintiff is advised that no further copies will be provided unless he pays the applicable fees.

[2] When an attorney has appeared on behalf of a defendant, plaintiff must serve documents on that attorney and not on the defendant. See Fed. R. Civ. P. 5(b). Attorneys filing documents in this court are required to consent to electronic service and will be served with a Notice of Electronic Filing that is automatically generated by CM/ECF at the time the Clerk of the Court files plaintiff's documents with the system and that includes a link to a copy of the filed document. L.R. 135(a), (g).

[3] The prison mailbox rule shall apply for determining the timeliness of a filing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing). However, the deadline for any response or reply shall be based upon the date of electronic service.

which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4). While the court did construe plaintiff's previous request as a request for default judgment and denied that request, it also treated the request as a request for entry of default and denied that request as well. ECF No. 35. As the court previously explained, while defendants' response to the complaint was untimely, they filed a motion to dismiss prior to plaintiff's request for entry of default and were therefore not in default at the time plaintiff filed his request. Id. Since plaintiff has not identified any new or different facts or circumstances than those already presented in his original request for entry of default, the motion for reconsideration will be denied. Because defendants are not in default, plaintiff's renewed requests for entry of default and default judgment (ECF Nos. 40, 42) will also be denied.

Finally, plaintiff has requested the issuance of a subpoena duces tecum in order to obtain a copy of his medical records. ECF No. 46; ECF No. 48. Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Therefore, plaintiff's request will be granted, and the Clerk of the Court will be directed to send plaintiff a blank subpoena form. However, plaintiff is cautioned that if, after completing the forms, he seeks assistance in serving the subpoenas, he must make a showing that such assistance is warranted. In order for the court to consider ordering the United States Marshals to serve a subpoena duces tecum on a non-party, plaintiff must submit to the court a completed federal subpoena form that describes the items to be produced with reasonable particularity and designate a reasonable time, place, and manner for production. Plaintiff must also show that he cannot receive the documents he seeks by way of discovery requests to defendant. Failure to do so will result in denial of the motion. Plaintiff is further advised that even though he is proceeding in forma pauperis, should the court order service of his subpoena, he may be required to pay any costs associated with complying with the subpoena in order to avoid imposing an undue burden upon a non-party.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for an extension of time and clarification as to his response

deadline (ECF Nos. 39, 46) are GRANTED and plaintiff shall have thirty days from the service of this order to respond to defendants' motion to dismiss.

    2. Plaintiff's request for copies (ECF No. 39) is GRANTED in part. The request is GRANTED as to the complaint (ECF No. 1) and screening order (ECF No. 11) and the Clerk of the Court is directed to send plaintiff one-time courtesy copies of those documents. The request is DENIED as to the request for a copy of the docket.

    3. Plaintiff's motion for reconsideration (ECF No. 41) is DENIED;

    4. Plaintiff's request for entry of default (ECF No. 42) is DENIED;

    5. Plaintiff's motion for default judgment (ECF No. 40) is DENIED;

    6. Plaintiff's motion for leave to serve defendants through ECF notification (ECF No. 46) is GRANTED subject to the limitations set forth above;

    7. Plaintiff's motion for defendants to provide him with copies (ECF No. 47) is DENIED;

    8. Plaintiff's requests for subpoena forms (ECF Nos. 46, 48) are GRANTED; and

    9. The Clerk of the Court is directed to provide plaintiff a signed but otherwise blank subpoena duces tecum form with this order. See Fed. R. Civ. P. 45(a)(3).

DATED: May 20, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE