UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>Plaintiff,<br><br>v.<br><br>DEBBIE MASSETTI, et al.,<br><br>Defendants. | No. 2:23-cv-0017 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On October 15, 2024, defendants filed a notice of settlement, advising that the parties had reached an agreement resolving this case. ECF No. 77. The parties were then ordered to file dispositional documents or a status report regarding the filing of such documents within thirty days. ECF No. 78. On November 15, 2024, defendants filed a status report stating that under the terms of the agreement, plaintiff was to have filed a dismissal of this case by October 14, 2024, but that he was refusing to do so because he believed the settlement check was fake because his bank put a risk hold on the check. ECF No. 79 at 2-3. They requested that the case be dismissed with prejudice. Id. at 3. Defendants were given ten days to file a motion to enforce the settlement agreement that was accompanied by a copy of the executed agreement and any documentary evidence necessary to show they had fulfilled their obligations under the agreement. ECF No. 81. On November 26, 2024, defendants filed a motion to enforce the settlement agreement (ECF No. 82), to which plaintiff has not responded.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). However, that power extends to complete settlement agreements only, and the court must hold an evidentiary hearing where material facts regarding the existence or terms of the agreement are in dispute. Id. (citations omitted). The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement. In re Andreyev, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004) (citing 15A Am. Jur. 2d Compromise and Settlement § 57 (2000)).

Defendants have provided a copy of the settlement agreement signed by plaintiff on September 14, 2024. ECF No. 82-1. Although the copy of the agreement provided is not fully executed, defendants state that they executed the agreement on October 2, 2024, and provided a copy to plaintiff (ECF No. 82 at 2), and plaintiff has not disputed this representation. The agreement provides that plaintiff was to file a request for dismissal of defendants with prejudice within ten days of the written agreement being fully executed. ECF No. 82-1 at 7. Defendants were then required to issue plaintiff a check for $7,500 within thirty days of his dismissal of defendants and execution and return of the written agreement and a current W-9. Id. The undisputed evidence before the court shows that defendants have already issued a check to plaintiff, which he proceeded to deposit, and which cleared the bank on November 5, 2024. ECF Nos. 82-2, 82-3, 82-5. When counsel contacted plaintiff about filing his dismissal, plaintiff refused, stating that the check was fake because his bank had put a risk hold on the funds. ECF No. 82-8 at 1. After counsel advised plaintiff that they had no control over temporary holds placed by the bank, plaintiff responded that the bank advised him a second hold would expire the following day and that if his funds were not available then that he was "opting out of said agreement." Id.

Defendants have met their burden of showing that a legally enforceable settlement agreement exists and that they have fulfilled their obligations under the agreement. Plaintiff has not filed any opposition to the motion to enforce the settlement agreement or produced any evidence to support his claim that the check was fraudulent. Accordingly, there are no disputed

material facts warranting an evidentiary hearing.

There is nothing unusual about a bank placing a temporary hold on a check for a large sum of money, and nothing before the court supports plaintiff's refusal to fulfill his obligation under the settlement agreement just because his settlement funds were subject to such a hold. His refusal was particularly unjustified given the agreement provides that defendants were not required to pay plaintiff until after he had filed his dismissal. For these reasons, the settlement agreement should be enforced, and this case dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that defendants' motion to enforce the settlement agreement (ECF No. 82) be GRANTED and this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE