UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>DEBBIE MASSETTI, et al.,<br><br>  Defendants. | No. 2:23-cv-00017-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND DISMISSING THIS ACTION<br><br>(Doc. Nos. 82, 83) |

Plaintiff Theron Kenneth Holston is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 26, 2024, defendants filed a motion to enforce the settlement agreement which the parties had reached in this action. (Doc. No. 82.) In that motion, defendants request that this action be dismissed with prejudice because they have fulfilled their obligation under the parties' settlement agreement by sending plaintiff a settlement check which plaintiff deposited into his bank account. (*Id.* at 4.) Defendants attach what they purport to be a copy of the parties' settlement agreement, a shipping receipt, a scan of the check sent to plaintiff, and a copy of the

/////

1

1 proof of endorsement and deposit of the check by plaintiff. (Doc. Nos. 82-1, 82-2, 82-3.) Plaintiff did not file any opposition to defendants' motion to enforce the settlement agreement.

On January 6, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants' unopposed request for dismissal of this action pursuant to the parties' signed settlement agreement, with prejudice, be granted. (Doc. No. 83.) Specifically, the magistrate judge found that defendants had met their burden of showing that a legally enforceable settlement agreement between the parties exists and that defendants had fulfilled their obligations under that agreement. (*Id.* at 2.) The magistrate judge further concluded that, because plaintiff had not filed any opposition to the motion to enforce the settlement agreement, there were no disputed material facts which would warrant an evidentiary hearing. (*Id.* at 2–3.) Those pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) To date, no objections to the pending findings and recommendations have been filed and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on January 6, 2025 (Doc. No. 83) are adopted in full;
2. Defendants' motion to enforce the settlement agreement (Doc. No. 82) is granted;
3. This action is dismissed with prejudice; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE